**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Mackenzie Lovig, Brian Lovig and the conjugal society formed by both<br><br>Plaintiffs<br><br>V.<br><br>Cooperativa de Servicios de Excursiones Turisticas de Puerto Rico "Tour Coop" d/b/a Tour Coop of Puerto Rico Tours and Transportation, d/b/a Tour Coop of Puerto Rico; A Corp; David Zavala, Jane Doe and the conjugal society formed by both; Salvador Castro Rosario; Guarionex Solano Quiñones Maria Doe and the Conjugal Society formed by both; MAPFRE PRAICO INSURANCE COMPANY; Royal Caribbean Cruises Ltd and the vessel Allure of the Seas, B, C and D Corporations and X, Y, and Z Insurance Companies<br><br>Defendants | CIVIL No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

TO THE HONORABLE COURT:

**COME NOW**, the Plaintiffs, through their undersigned attorneys, and before this Honorable Court respectfully allege and pray:

## I. THE PARTIES

1. Plaintiffs, Mrs. Mackenzie Lovig, Dr. Brian Lovig are of legal age, married to each other and domiciled in the State

of Minnesota. They are the members of the Lovig conjugal society formed by both.

2. Defendant Cooperativa de Servicios de Excursiones Turísticas de Puerto Rico "Tour Coop" d/b/a Tour Coop of Puerto Rico Tours and Transportation and/or Tour Coop of Puerto Rico (hereinafter mentioned in this complaint as "Tour Coop") is a corporation or entity organized under the laws of the Commonwealth of Puerto Rico, that either manages, controls, hires, owns, operates and/or contracts with vehicle owners for the purposes of providing transportation and shore excursion services to tourists like the plaintiffs and the cruise industry.

3. Said corporation also enjoys the economic benefit derived from its contractual relationship with bus owners and cruise lines that frequent Puerto Rico.

4. A Corp., is the fictitious named used to denominate, by information and belief, a company organized and operating in accordance with the laws of the Commonwealth of Puerto Rico, that is the owner of and/or operates under the guidance of its officers and directors, a business enterprise in the Commonwealth of Puerto Rico the either operates, employs, hires, directs or provides tour and /or transportation services to cruise ships and/or its passengers for profit. Said corporation at the time and day

of the accident described in this complaint, had contracted with Royal Caribbean Cruises Ltd., the passenger ship Allure of the Seas and/or another entity, for the purpose of transportation of the plaintiffs and other passengers in the vehicle described in this complaint for profit and/or shore excursion services.

5. David Zavala and his wife Jane Doe (fictitious name used to denominate Mr. Zavala's wife. Once her true identity is known, the complaint may be amended so that the proper party is named and included as part of this complaint), and the conjugal society formed by both, at the time of the accident, was the registered owner(s) of the 2016 Ford E450 vehicle license plate number 0218ET in which the plaintiffs were being transported at the moment of the accident described in this complaint, as per the contractual agreement with Tour Coop.   For diversity purposes, by information and/or believe Mr. Zavala and his wife are domiciled in Puerto Rico.

6. Salvador Castro Rosario, at the request of Mr. Zavala and/or another entity, was the driver of the vehicle belonging to Mr. Zavala in which the plaintiffs were passengers at the time of the accident described in this complaint. By information and/or believe, for diversity purposes, Mr. Castro Rosario is domiciled in Puerto Rico.

7. Guarionex Solano Quiñones was the driver of and owner of a 1995 Mazda Protégé license plate number HCY 350 that collided the rear right side of the vehicle in which plaintiffs were riding as passengers.

8. Guarionex Solano Quiñones is married to Maria Doe (fictitious name used to denominate the wife of Mr. Solano Quiñones. Once her identity is known, the complaint may be amended in order to substitute for the proper party). Mr. Quiñones and his wife, and the conjugal society formed by both, by information and/or believe, are the owners of the Mazda Protégé vehicle that impacted the rear of the Ford E450 vehicle as further described in this complaint. For diversity purposes, and by information and or believe, Mr. Solano Quinones, his wife and the conjugal society formed by both are domiciled in Puerto Rico.

9. Tour Coop and Mr. Zavala, as operators and owners of the Ford bus involved in the accident, are jointly responsible for the selection of drivers, their training, hiring, supervision and the implementation and execution of proper vehicle operation and safety procedures, particularly when transporting paying passengers for profit. Tour Coop and Mr. Zavala are responsible for the safety and security of its patrons, like Mrs. and Dr. Lovig.

10. Upon information and belief, defendant MAPFRE PRAICO INSURANCE COMPANY A/k/A MAPFRE ("MAPFRE"), is an insurance company organized and existing under the laws of Puerto Rico, having its principal place of business in the Commonwealth of Puerto Rico. At all relevant times herein, MAPFRE had in full force and effect one or more insurance policies covering the legal liability of one or all of the defendants for the acts and omissions alleged herein.

11. Upon information and belief, Royal Caribbean Cruises Ltd., (hereinafter "RCL") is a foreign corporation with principal place of business in the State of Florida.

12. At the time of the accident described in this complaint, RCL was a bareboat charterer, pro hac vice owner, owner and or operator of the cruise ship vessel Allure of the Seas, which defendant used to transport fare-paying passengers like the plaintiffs.

13. By information and believe, RCL as part of its business operations and for profit, offered and promoted shore excursion tours to its passengers, like the plaintiffs and contracted and/or hired Tour Coop and/or A Corp for the transportation of the passengers and for the rendering of the shore excursion services to El Yunque Rain Forest the day of the accident.

14. B, C, and D Corporations, are the fictitious names used to identify other corporations that together with the rest of the defendants mentioned in the complaint, are also responsible for the accident and/or that derived an economic profit for the transportation of the plaintiffs at the time the vehicle accident occurred. Once their true identity are known, the complaint may be amended in order to include said corporate defendants as proper parties to this action.

15. Upon information and belief X, Y and Z Insurance Companies are the fictitious names used to designate other insurance companies that insured one or more of the above mentioned named and/or unknown defendants, and that are also jointly responsible with the defendants for damages, as per section 2003 of title 26 of the Laws of Puerto Rico.

## II. JURISDICTION

16. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332* because this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

## III. TOLLING OF THE STATUTE OF LIMITATIONS AND VENUE

17. The accident that gives rise to the present case occurred on February 14, 2019, in Rio Grande, Puerto Rico, therefore, pursuant to *Articles 1802, 1803 and 1868* of the Civil Code of Puerto Rico, *31 L.P.R.A. section 5141,5142, and 5298,* at the time of filling of the present complaint the statute of limitations of one (1) year has not elapsed.

18. Venue is proper in this district since there is complete diversity between the plaintiffs and all the defendants and because the events and omissions given rise to the present complaint occurred in Puerto Rico.

## IV. THE FACTS

19. On February 10, 2019, the plaintiffs embarked with other family members on a week-long Caribbean cruise aboard the Allure of the Seas.

20. The Allure of the Seas departed Miami on February 10, 2019 and docked in San Juan, Puerto Rico on February 14th, 2019.

21. As part of their vacation plans, the plaintiffs and other family members booked and paid for the shore excursion to the El Yunque Rain Forest through RCL.

22. The shore excursion was offered through RCL via various forms of advertising and promotion activities, and plaintiffs booked and paid for their shore excursion through RCL.

23. At the time of the booking to the El Yunque Rain Forest excursion, RCL did not provide the name of the entity that would be executing the excursion. Rather, the RCL advertising provided promotion and general information about the shore excursion and that RCL had selected a top tour provider for said excursion. No warnings were provided by RCL with regard to the perils involved in said excursion.

24. Upon disembarking in Puerto Rico, RCL instructed the plaintiffs as to their tour providers.

25. Plaintiffs and various family members boarded the designated vehicle, hired and/or contracted with and/or by Tour Coop, belonging to Mr. Zavala. The driver of the vehicle was Mr. Castro Rosario.

26. The Lovig family sat towards the rear of the vehicle in route to the El Yunque Rain Forest with other family members.

27. When in the vicinity of Rio Grande, Mr. Castro Rosario, had made a stop and was driving the Ford E450 vehicle on

Highway 3, in the direction of East to West at or near KM 31.

28. Without taking proper precautions, Mr. Castro Rosario negligently made a left turn, crossing Highway 3 in order to enter State Road 191, improperly failing to yield to traffic and in particular to the vehicle driven by co defendant Mr. Guarionex Solano Quiñones.

29. Mr. Guarionex Solano Quiñones, driving his vehicle on Highway 3 from west to east direction, was unable to stop, and/or reduce speed and/or avoid impacting with his car the right rear side of the Ford E450 vehicle as said Bus was crossing the last lane of Highway 3.

30. The force of the impact between both vehicles, shattered the rear of the Ford bus and its windows, and sent a number of the passengers, to include the plaintiffs tumbling through the bus.

31. Plaintiffs, and in particular Mrs. Lovig, as a consequence of the accident suffered severe injuries to various parts of her body to include her face and right arm resulting in lacerations that gave rise to significant bleeding. Because of the blow to her face she lost consciousness for several minutes.

32. Mrs. Lovig due to the seriousness of her injuries was transported by ambulance to Centro Medico Hospital for emergency treatment.

33. As a consequence of the accident, Mrs. Lovig suffered various disfiguring cuts to her face and two deep cuts to her right arm. She was also diagnosed as suffering from a concussion and pneumothorax.

34. Mrs. Lovig for various months after the accident suffered from memory loss, severe headaches, irritability, stress, anxiety, residual pain, sadness, embarrassment, post traumatic stress and depression and she had difficulty sleeping.

35. For several months after the accident, she became forgetful and had difficulty performing household chores. She also became preoccupied of the effect this accident had upon her husband, her marriage and her children.

36. The injuries suffered by Mrs. Lovig are severe. She suffered a closed head injury. She also suffered injuries and lacerations to various parts of her face and her right arm. She has been diagnosed with a permanent facial disfigurement. The laceration to her face disrupts the natural lines to various parts of her face to include forehead, right eyelid and brow line, and her right upper lip.

37. Even with future plastic surgery, the facial will not be able to be eliminated completely. She also has two very large permanent scars in her right arm, with residual tenderness, discomfort and palpitation.

38. As a result of her scaring, she is very self-conscious of her permanent scars and this affects her self esteem negatively. She feels embarrassed, sad and depressed because of her scars. The scars in her face are a constant reminder to her and her family members of the accident that changed her life forever.

39. At the time and place of the accident, Dr. Lovig, her husband, was also present. He witnessed and experienced the terrible consequences of the accident and feared for his wife since she lost consciousness for various minutes after the accident and was bleeding profusely.

40. He felt frustrated and sad at not being able to protect his wife from the accident, in particular when he noticed the facial injuries suffered by his wife.

41. He was very concerned with the facial injury suffered by his wife and the effects of the concussion.

42. He has noticed how this accident has negatively affected his wife. This also makes him suffer. He, like his wife, remembers the accident and its life changing consequences.

43. Both Mrs. and Dr. Lovig were unable to complete their cruise voyage. Their family vacation was ruined, replaced now with sad memories and painful and permanent physical reminders of how this accident changed their lives forever.

## NEGLIGENCE OF EACH OF THE DEFENDANTS

44. Plaintiffs re-allege by reference as if fully set forth herein, all previous averments of this complaint.

45. The accident object of this complaint occurred on the second most dangerous highway of Puerto Rico, Highway 3. Said Highway was the road with the second highest record of fatalities in Puerto Rico due to vehicular accidents from 2010 to 2016.

46. In 2018, Highway 3, was again identified by the Government of Puerto Rico as a high crash location, according to the Puerto Rico Highway Safety Plan for FY 2018, the last publication of record.

47. RCL, a sophisticated multi-million dollar business enterprise, should have been aware of the dangerous past and current history of Highway 3. RCL failed to warn and to communicate to its passengers that the route to El Yunque Rain Forest included this dangerous Highway 3 stretch, particularly before promoting and selling the tour to its passengers. RCL omitted and failed to warn its passengers

of the dangers of Highway 3, in order to make more money selling the El Yunque Tours.

48. The dangers of Highway 3 should have been also communicated by RCL to its passengers before the passengers boarded the shore excursion contracted transportation. RCL again failed to warn its passengers of the dangers associated with Highway 3 in route to El Yunque Rain Forest.

49. At the very least, RCL should have insisted that shore excursion operators take all steps possible to ensure the safety of its passengers traveling in the El Yunque shore excursion, such as insisting that the operators and/or their vehicle drivers follow traffic rules and procedures and that vehicle drivers avoid taking unnecessary risks. RCL could have insisted that all passengers were seatbelts during the road trip. RCL failed to act and again ignore safety, concentrating all its efforts in pushing sales of this and other shore excursions.

50. RCL failed in the selection of a proper tour operator. **RCL** should have known that **Tour Coop** was involved in accidents due to driver and/or operator negligence in the past.

51. RCL, a business enterprise only motivated by profits, was not the only defendant at fault for this accident. The accident that gave rise to the damages suffered by the plaintiffs, was caused by the combined fault and/or

negligence of all the named defendants.   All named
defendants are jointly responsible for the accident.

52.   **Tour Coop and Mr. Zavala,** failed in selecting a proper,
      trained and cautious driver to transport tourist like Mrs.
      and Dr. Lovig.

53.   **Tour Coop and Mr. Zavala** failed to provide proper
      instructions and training in vehicle operations and safety
      procedures to its driver **Mr. Salvador Castro Rosario.** They
      also failed in providing a safety briefing to its driver
      and safety warnings to the passengers regarding Highway 3.

54.   **Tour Coop and Mr. Zavala** failed in insisting that all
      passengers were seatbelts during the entire road trip to El
      Yunque Rain Forest and/or in requiring from its driver
      preventive safety steps to avoid unnecessary risks.

55.   **Mr. Salvador Castro Rosario,** due to his careless and
      aggressive style of driving and lack of concern for the
      safety of his passengers and other motor vehicles,
      contributed to the accident by negligently failing to yield
      to traffic, particularly when trying to cross Highway 3
      into a secondary road, when vehicles travelling in the
      opposite direction of Highway 3 were present.  The accident
      could have been avoided if Mr. Castro Rosario had turned at
      a proper traffic intersection of Highway 3, following
      Puerto Rico traffic and safety rules.

56.  **Mr. Castro Rosario** also failed in taking the initiative and
demanding that all passengers wear seatbelts during the
entire road trip to El Yunque Rain Forest.

57.  **Mr. Guarionex Solano Quiñones**, failed to slow down and/or
stop and/or take evasive maneuvers in order to avoid
colliding with the bus driven by Mr. Salvador Castro
Rosario.  At the time of the accident, the bus driven by
Mr. Castro Rosario, a large vehicle easily seen from a
considerable distance, had partially crossed Highway 3
lanes in its attempt to enter State Road 191.  Mr. Solano
Quiñones failed to take safety measures and/or precautions
in order to avoid the accident.

58.  All named defendants are jointly responsible for the
accident suffered by the plaintiffs and its life changing
consequences.

59.  All of the named corporate defendants and Mr. Zavala are
vicariously liable for the acts and omissions of their
employees and agents, particularly when they have failed to
properly monitor, supervise and train them.

60.  All of the defendants and/or their employees and agents,
breached their duty of care to the plaintiffs by
negligently:

a. Failing to exercise due care and/or to warn.

b. Failing to properly select, train, hire, and supervise its agents and/or employees in the proper handling of a bus.

c. Failing to yield to traffic and/or stop and or slow down and

d. Failing to take affirmative steps to avoid accidents such as turning at the proper places, slowing down, stopping and thus avoiding dangerous risks and aggressive driving.

61. All the defendants and/or their employees and/or agents are responsible for the damages suffered by the plaintiffs in accordance with Article 1802 and Article 1803 of the Civil Code of Puerto Rico. All defendants and their employees and/or agents are jointly liable for the accident and must compensate plaintiffs for all their damages.

## DAMAGES

62. Plaintiffs re-allege by reference as if fully set forth herein all previous averments of this complaint.

63. As previously averred, Mrs. Lovig suffered severe, life changing damages due to the combined negligence of the defendants. Her damages are permanent in nature, have caused her scarring, loss of memory, disfigurement, impairment, embarrassment, stress, post traumatic stress,

mental anguish, pain and suffering and loss of enjoyment of life.

64.    Plaintiffs are also entitled, under section 2003 of Title 26 of the Laws of the Commonwealth of Puerto Rico, to a right to claim directly against **MAPFRE and any other insurance company that had issued liability insurance policies to one or more of the named defendants**, for all damages suffered as a consequence of the negligence of the defendants.

65.    The defendants and their employees and or agents, and their insurance companies are thus jointly responsible for all the damages suffered by Mrs. Lovig and Dr. Lovig, to include:

a. Physical Injuries and permanent scars in an amount not less than $950,000 due to Mrs. Lovig.

b. Past, present and future Pain and Suffering and Mental Anguish and Emotional Distress, and loss of enjoyment of life damages in an amount not less than $600,000 due to Mrs. Lovig.

c. Suffering and Mental anguish damages and loss of enjoyment of life damages in an amount not less than $350,000 due to Dr. Lovig.

d. Medical Care and future medical treatment expenses in an amount of not less than $29,000 due to the Mrs and Dr. Lovig and the conjugal society formed by both.

e. Transportation and lodging expenses, as well as the cost of the ruined vacation and other unwanted expenses directly related to this accident in an amount of not less than $50,000 due to Mrs. And Dr. Lovig and the conjugal society formed by both.

66.    All the defendants are thus jointly responsible for all the damages suffered by Mrs. and Dr. Lovig and the damages suffered by the conjugal society formed by both and in accordance with Article 1802 and Article 1803 of the Civil Code of Puerto Rico, must compensate them for all damages claimed in this complaint.

## JURY TRIAL

67.    Plaintiffs demand trial by jury.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter judgment for plaintiffs, for the relief demanded in the complaint with imposition of reasonable attorneys' fees and costs jointly against all the defendants.

**I CERTIFY:** That on this same date I electronically filed the foregoing amended complaint with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 11th day of February, 2020

**RIVERA-ASPINALL,GARRIGA**

**& FERNANDINI LAW FIRM**
Attorneys for Plaintiffs
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
aspinall@ragflaw.com

s/ Julian R. Rivera Aspinall

By: **Julian R. Rivera Aspinall, Esq.**
USDC PR # 208506